LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
MEGAN M. LAWSON (STATE BAR NO. 294397)
megan.lawson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    650 614 7400
Facsimile:    650 614 7401

Attorneys for Defendant
CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY, as an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC., a corporation; DOES 1-100,<br><br>　　　　　Defendants. | Case No. 4:18-cv-07542-HSG<br><br>**DEFENDANT CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF**<br><br>Date:　December 5, 2019<br>Time:　2:00 p.m.<br>Dept:　Courtroom 2, 4th Fl.<br>Judge:　Hon. Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF LAWRENCE HALEY AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 5, 2019, at 2:00 p.m. or as soon thereafter as the matter may be heard in the above-entitled Court, Defendant Clark Construction Group-California, Inc. ("Clark") will and hereby does move for an order granting its Motion to Compel an Independent Mental Examination of Plaintiff Lawrence Haley pursuant to Federal Rule of Civil Procedure 35 on the grounds that Plaintiff has placed his mental condition in controversy and good cause exists for the examination. This request is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declarations of Lynne C. Hermle and Mark A. Kalish, M.D., all filed herewith, the pleadings and other papers in the record.

**STATEMENT OF RELIEF**

Clark requests, pursuant to Federal Rule of Civil Procedure 35, that the Court compel Plaintiff to sit for an independent mental examination conducted by Mark A. Kalish, M.D. consistent with the terms set forth below.

**I.      INTRODUCTION**

Federal Rule of Civil Procedure 35 provides for an independent mental examination ("IME") where the mental or physical condition of the plaintiff is in controversy and good cause exists. The purpose of the Rule 35 examination is to level the playing field so that the defendant can independently and adequately address claims of significant emotional or physical injury.

Here, Plaintiff Lawrence Haley's Complaint alleges substantial and severe distress ("severe emotional distress, which has caused Plaintiff to sustain severe injuries to his person"), including through his claim for Intentional Infliction of Emotional Distress. Plaintiff alleges his distress was caused by Clark, when he performed work at Clark's construction site in October 2017. His psychological treaters have diagnosed him with significant injuries, including Post Traumatic Stress Disorder and other ailments which continue through the present. Plaintiff's mental condition is clearly in controversy.

1  Without an IME, Clark will be unable to independently assess the cause, nature, and extent of Plaintiff's alleged distress and defend itself against his claimed damages. Thus, good cause exists for an IME. Plaintiff's attempts to place limitations on the exam will necessarily lead to an incomplete or erroneous assessment. Accordingly, Clark respectfully requests that this Court grant its motion to compel an IME consistent with the terms set forth below.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges eight claims against Clark, the general contractor on a construction site where he briefly worked. *See* Declaration of Lynne C. Hermle in Support of Defendant's Motion to Compel Independent Mental Examination ("Hermle Dec.") ¶2 Ex. A ("Complaint"). Plaintiff alleges claims for discrimination under California's Unruh Civil Rights Act, retaliation in violation of Title VI of the Civil Rights Act of 1964, discrimination, harassment and retaliation in violation of California's Fair Employment and Housing Act, negligence, intentional infliction of emotional distress, and wrongful constructive termination in violation of public policy. *Id*. As noted above, Plaintiff alleges that he "suffered severe emotional distress, which has caused Plaintiff to sustain severe injuries to his person." Ex. A ¶59.

After the incidents at issue here (and after he hired counsel), Plaintiff visited multiple psychological treaters, including Dr. Tracy C. Smith at Kaiser. *See* Hermle Dec. ¶6, Ex. D. According to the Kaiser medical records, Plaintiff discussed the events at issue here and reported a variety of symptoms, including sleeping difficulties, eating problems, anxiety, an inability to stop or control worry, focus and concentration issues, agitation, and a need for anger management. *Id*. ¶7 Ex. F at p.14. Dr. Smith treated him for well over a year, beginning one month after the incidents Plaintiff alleges caused him severe emotional distress (from November 2017 through February of 2019). *See id*. Dr. Smith diagnosed Plaintiff with Post Traumatic Stress Disorder and Adjustment Disorder with Anxiety. *Id.* at p.7. She also prescribed, in addition to individual therapy, attendance at a group therapy session called Seeking Safety. *Id*. at p.10.

In addition to his treatment with Dr. Smith, Plaintiff sought treatment with Disability Counseling Services ("DCS") in Oakland. *See* Hermle Dec. ¶10 Ex. I. There, he saw multiple

- 2 -

DEFENDANT'S MOTION TO COMPEL
INDEPENDENT MENTAL EXAMINATION OF
PLAINTIFF [CASE NO. 4:18-CV-07542-HSG]

treaters over the course of years and discussed the events at issue here, as well as many of the symptoms discussed above.  *See id.*  The DCS treaters diagnosed Plaintiff with "Major depression and anxiety." *See id.*

On July 16, 2019, the parties engaged in a meet and confer regarding various discovery conflicts, including this motion. Hermle Dec. ¶4.  In that meeting, Plaintiff's counsel Lateef Gray and Ann Kariuki stated that Plaintiff would stipulate to the IME and we agreed that my office would propose dates to conduct the examination.  *Id.*  However, the next day, Ms. Kariuki stated that she was unable to get confirmation of the dates and that she "may also have comments on the proposed scope of the IME.  Hermle Dec. ¶5, Ex. C.  *Id.*  Despite following up with Ms. Kariuki, as of the time of this filing, Clark has received no response from Plaintiff's Counsel regarding the IME.  Hermle Dec. ¶5.  Accordingly, Clark makes this motion.

## III.     ARGUMENT

### A.     The Requirements of Rule 35 are Easily Met Here

Federal Rule of Civil Procedure 35 provides that, for good cause shown, the court "may order a party whose mental or physical condition...is in controversy to submit to a physical or mental examination".  Fed. R. Civ. P. 35.  Thus, an examination should be ordered so long as the moving party shows that: 1) the mental or physical condition of the plaintiff is "in controversy" and 2) "good cause" exists for the examination.  *Id*.  The moving party must also "specify the time place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id*.

The purpose of the Rule 35 examination is "to level the playing field in cases where physical or mental condition is at issue because a plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or forensic expert." *Ashley v. City & Cty. of San Francisco*, No. CV-12-00045-JST KAW, 2013 WL 2386655, at *3 (N.D. Cal. 2013); *see also Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995).  "'Granting a request for a psychiatric examination pursuant to Rule 35 is to preserve … the equal footing of the parties to evaluate the plaintiff's mental state.'" *Id*. at 608 (citation omitted).  "'Only if no

1  additional relevant information could be gained by an examination of [plaintiff] should the
2  motion for a psychiatric examination be denied.'" *Id*. (citation omitted).

3  In determining if a moving party has met its showing, district courts regularly apply the
4  test articulated by the Southern District of California in *Turner v. Imperial Stores*, 161 F.R.D. 89
5  (S.D. Cal. 1995). *See Ortiz v. Potter*, No. 2:08-CV-01326 LKKKJN, 2010 WL 796960, at *2
6  (E.D. Cal. Mar. 5, 2010) (compiling cases); *see also Mandujano v. Geithner*, No. C 10-01226 LB,
7  2011 WL 825728, at *2 (N.D. Cal. Mar. 7, 2011) (following *Turner*); *Kob v. Cty. of Marin*, No. C
8  07-2211 JL, 2009 WL 3706820, at *1 (N.D. Cal. Nov. 3, 2009) (same).  Under the *Turner* test, an
9  IME is appropriate when a case involves "one or more of the following: (a) a claim for intentional
10 or negligent infliction of emotional distress; (b) an allegation of a specific mental or psychiatric
11 injury or disorder; (c) a claim of unusually severe emotional distress; (d) a plaintiff's offer of
12 expert testimony to support a claim of emotional distress; and/or (e) plaintiff's concession that his
13 or her mental condition is in controversy within the meaning of Rule 35." *Mandujano*, 2011 WL
14 825728 at *2 (emphasis added); *see also Preston v. City of Oakland*, No. 14-CV-02022 NC, 2015
15 WL 12976100, at *1 (N.D. Cal. 2015) (citing the *Turner* test).

16 Here, not just one but three of the criteria are present.  Plaintiff asserts a claim for
17 intentional infliction of emotional distress, will apparently allege that he suffered PTSD and other
18 psychiatric ailments as a result of Clark's conduct, and claims that his distress is "severe" and the
19 cause of his injuries.  *See* Hermle Dec. ¶2, Ex. A, at ¶59.  Plaintiff also appears likely to present
20 multiple medical treaters as experts in the expert phase of this case.  Thus, Plaintiff has squarely
21 placed his mental condition in controversy here and good cause exists for an IME.

22 **B.     Clark Has Provided the Requisite Specifics**

23 Clark has provided Plaintiff with the necessary details to "specify the time place, manner,
24 conditions, and scope of the examination, as well as the person or persons who will perform it."
25 Fed. R. Civ. P. 35.  Clark has retained an eminent and experienced psychiatrist, Dr. Mark Kalish,
26 who has performed psychiatric evaluations for more than 35 years, to perform the exam.
27 Declaration of Mark Kalish in Support of Defendant's Motion to Compel Independent Mental
28 Examination ("Kalish Dec.") ¶¶4,5.  As noted in his supporting declaration, Dr. Kalish is board

certified by the American Board of Psychiatry and Neurology in Psychiatry, by the American Board of Forensic Psychiatry in Forensic Psychiatry, was a Distinguished Fellow with the American Psychiatric Association, served as Examiner for the American Board of Psychiatry & Neurology and for the American Board of Forensic Psychiatry, was a Clinical Instructor at the University of California, San Diego.  Kalish Dec. ¶3.  Dr. Kalish has treated the full spectrum of patients with psychiatric disorders, including anxiety, depression, manic depressive or bipolar illness, schizophrenia, and post-traumatic stress disorder. *Id*. ¶4.  He has been retained as an expert in dozens of civil cases, testifying both for the plaintiff and for the defendant, and has testified as an expert witness at trial dozens of times.

The examination will include a psychiatric interview as well as psychological testing, which may include the Minnesota Multiphasic Personality Inventory 2 (the "MMPI-2"), a widely used psychological test used to reach a consistent, comprehensive picture of emotional and personality functioning. *Id*. ¶8.  The total length of the interview and psychological testing will be up to five hours, excluding breaks, and assuming a good faith effort by Plaintiff. *Id*. ¶11.  The interview will involve questions of standard practice for an analysis and diagnosis: an inquiry into Plaintiff's current mental status; cognitive and emotional functioning; the experiences that contributed to his distress; medical or psychological treatment for symptoms from the alleged distress; experiences between the end of his work at Clark's construction site to the time of the evaluation to assess the contributory stress factors; his past personal and developmental experiences; educational, dating, marital and occupational history; litigation and financial history; and past medical and psychiatric history. Per his usual practice, Dr. Kalish will audio record and may transcribe the examination. *Id*. ¶13.  These details of the examination were provided to counsel for Plaintiff, who chose not to stipulate to the examination.

### IV.     CONCLUSION

Plaintiff's mental condition is in controversy here and good cause exists to order an IME. Clark respectfully requests that the Court grant its motion to compel an IME consistent with the scope and terms outlined in Dr. Kalish's declaration.

| | | |
|---|---|---|
| 1 | Dated: July 18, 2019 | LYNNE C. HERMLE |
| 2 | | JESSICA R. PERRY |
| | | MEGAN M. LAWSON |
| 3 | | Orrick, Herrington & Sutcliffe LLP |

By: _____/s/ Megan M. Lawson_____
MEGAN M. LAWSON
Attorneys for Defendant
CLARK CONSTRUCTION GROUP-
CALIFORNIA, INC.