1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JESSICA R. PERRY (STATE BAR NO. 209321)
   jperry@orrick.com
3  MEGAN M. LAWSON (STATE BAR NO. 294397)
   megan.lawson@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025-1015
   Telephone:     650 614 7400
6  Facsimile:     650 614 7401

7  Attorneys for Defendant
   CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.
8

9            UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

12  LAWRENCE HALEY, as an individual,          Case No. 4:18-cv-07542-HSG

13              Plaintiff,                     **DECLARATION OF LYNNE C.**
                                               **HERMLE IN SUPPORT OF**
14        v.                                   **DEFENDANT CLARK**
                                               **CONSTRUCTION GROUP-**
15  CLARK CONSTRUCTION GROUP-                  **CALIFORNIA, INC.'S MOTION TO**
    CALIFORNIA, INC., a corporation; DOES 1-   **COMPEL INDEPENDENT MENTAL**
16  100,                                       **EXAMINATION OF PLAINTIFF**

17              Defendants.                    Date:   December 5, 2019
                                               Time:   2:00 p.m.
18                                             Dept:   Courtroom 2, 4th Fl.
                                               Judge: Hon. Haywood S. Gilliam, Jr.
19

20

21

22

23

24

25

26

27

28

1    I, Lynne C. Hermle, hereby declare:

2    1.    I am a member of the State Bar of California and a partner in the law firm of

3    Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendant Clark Construction Group-

4    California, Inc. ("Clark") in this action.  I am lead trial counsel for defense.  I make this

5    declaration in support of Clark's Motion to Compel an Independent Mental Examination ("IME")

6    of Plaintiff Lawrence Haley.  I know the facts set forth in this declaration to be true of my own

7    personal knowledge and on information and belief based on the medical records subpoenaed from

8    Plaintiff's medical treaters and identified below.  If called as a witness, I could and would testify

9    competently to the matters set forth in this declaration.

10    2.    On or about October 24, 2018, Plaintiff Lawrence Haley filed a Complaint in the

11    San Francisco Superior Court against Clark. On December 14, 2018, Clark removed the action to

12    this Court. Attached as **Exhibit A** is a true and correct copy of Plaintiff's Complaint included

13    with Clark's removal filing.

14    3.    On July 12, 2019, my office emailed Plaintiff's counsel that Clark intended to seek

15    an independent mental examination of Plaintiff through a psychiatric expert and asked if Plaintiff

16    would stipulate to such an examination. On July 15, 2019, after not receiving a response, my

17    office sent a follow-up email to Plaintiff's counsel to discuss the issue at the parties' in-person

18    meet and confer the following day. Attached as **Exhibit B** are the emails my office sent in

19    advance of the meeting, to lay out the issues.

20    4.    My colleague Megan Lawson and I met in-person with Plaintiff's counsel Lateef

21    Gray and Ann Kariuki on July 16, 2019 regarding various discovery conflicts, including this

22    motion. In that meeting, Mr. Gray and Ms. Kariuki stated that Plaintiff would stipulate to the IME

23    and we agreed that my office would propose dates to conduct the examination. That evening, Ms.

24    Lawson proposed three dates in August that the psychiatric expert was available to conduct the

25    examination and requested that Plaintiff respond by the next day.

26    5.    On the evening of July 17, 2019, Ms. Lawson sent a follow-up email to Ms.

27    Kariuki to confirm the date for Mr. Haley's IME. However, Ms. Kariuki stated that she was

28

- 1 -

1   unable to get confirmation of the dates and that she "may also have comments on the proposed

2   scope of the IME."  This morning, I responded to Ms. Kariuki that Clark intended to file a motion

3   seeking to compel the IME if the parties did not reach agreement today, including that the IME

4   would be conducted according to standard terms consistently accepted by the courts. I also

5   specifically requested that Ms. Kariuki provide a time today if there was anything she would like

6   to discuss. Attached as **Exhibit C** is a true and correct copy of the email exchanges with Ms.

7   Kariuki. As of the time of this filing, we've received no response from Plaintiff's Counsel

8   regarding the IME.  Accordingly, Clark makes this motion.

9          6.      Plaintiff identified multiple treaters for emotional distress in his disclosures in this

10  matter: Tracy C. Smith, Psyd, Molly Patricia Keegan, MD, and Dennis Masaru Nakamura, MD,

11  all of Kaiser Permanente; and Dr. Phillip McFarland of Disability Counseling Services Inc.

12  Attached as **Exhibit D** is a true and correct copy of Plaintiff's supplemental disclosures

13  identifying multiple treaters.  My office served subpoenas on the offices of those treaters and I

14  have reviewed those records.  In addition, my office subpoenaed the depositions of Drs. Smith,

15  Keegan and Nakamura of Kaiser, and Drs. McFarland and Robert Arguelles of Disability

16  Counseling Services for dates before the fact discovery cutoff in this matter.

17         7.      Dr. Smith treated Plaintiff for well over a year, beginning one month after the

18  incidents Plaintiff alleges caused him severe emotional distress (from November 2017 through

19  February of 2019). The Kaiser records show that, on or about November 1, 2017, in advance of

20  Dr. Smith's first appointment with Plaintiff, her office administered to Plaintiff a questionnaire

21  labelled a PHQ-9 regarding his emotional state over the last two weeks.  In addition, Plaintiff

22  testified that he went to the emergency room and was treated soon after an incident alleged in his

23  Complaint. Attached as **Exhibit E** is a true and correct copy of the subpoena served on Kaiser

24  Permanente and attached as **Exhibit F** are excerpts of Plaintiff's medical records received in

25  response to the subpoena.

26         8.      As his answers to the questionnaire in Exhibit F show, Plaintiff responded to

27  inquiries about "problems", which asked about whether he had symptoms such as "little interest

28

DECLARATION OF LYNNE HERMLE ISO MOTION
TO COMPEL INDEPENDENT MENTAL
EXAMINATION OF PLAINTIFF
[CASE NO. 4:18-CV-07542-HSG]

or pleasure in doing things;" "Feeling down depressed or hopeless"; "Trouble falling or staying asleep or sleeping too much" as well as multiple other inquiries about his appetite, concentration, movement, and other symptoms of distress by stating that he experienced the vast majority of these problems "nearly every day." Plaintiff denied suicidal intent and identified feeling depressed as occurring on "more than half of the days." *See* Ex. F at p.14. According to what I am informed and believed to be the depression scoring for these answers, as identified in **Exhibit G** attached hereto, Plaintiff's self-identified total score of 35 identifies him as having "severe depression" which "Warrants treatment for depression, using antidepressant, psychotherapy and/or a combination of treatment." *See* Ex. G at p.2 ("interpreting PHQ-9 scores").

9.      Plaintiff's Kaiser file includes a second such PHQ-9 survey, dated November 7, 2017, which has an even higher score because Plaintiff identified "feeling down depressed or hopeless" as now occurring "nearly every day." *See* Ex. F at p.21. The file also shows that Plaintiff was diagnosed by Dr. Smith as suffering from PTSD and Anxiety Disorder, that he participated in group therapy, including in "Job Stress" and "Seeking Safety" groups. *See* Ex. F at p.10.

10.     Plaintiff's file with Disability Counseling Services contains records of individual therapy sessions with different treaters beginning in November 2017 and continuing through January of 2019. Attached as **Exhibit H** is a true and correct copy of the subpoena served on Disability Counseling Services and attached as **Exhibit I** are excerpts of Plaintiff's medical records received in response to the subpoena. The files include diagnoses of "Major Depression and anxiety," as well as the statement that Plaintiff was "Advised to see MD to get anti-anxiety medication."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on July 18, 2019.


                                                      */s/* Lynne C. Hermle
                                                      Lynne C. Hermle

DECLARATION OF LYNNE HERMLE ISO MOTION
TO COMPEL INDEPENDENT MENTAL
EXAMINATION OF PLAINTIFF
[CASE NO. 4:18-CV-07542-HSG]

# EXHIBIT A

11/14/18 e 2:55

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.; DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAWRENCE HALEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | CASE NUMBER:<br>*(Número del Caso):* CGC-18-570851 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John L. Burris, Law Offices of John L. Burris; 7677 Oakport Street, Suite 1120, Oakland, California 94621

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* OCT 24 2018 CLERK OF THE COURT | Clerk, by<br>*(Secretario)* MEREDITH GRIER | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Clark Construction Group-California, Inc.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 11/14/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

JOHN L. BURRIS, ESQ., SBN 69888
ADANTE D. POINTER, ESQ., SBN 236229
LATEEF H. GRAY, ESQ., SBN 250055
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:     (510) 839-5200
Facsimile:     (510) 839-3882
Email: john.burris@johnburrislaw.com
Email: adante.pointer@johnburrislaw.com
Email: lateef.gray@johnburrislaw.com

Attorneys for Plaintiff

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 24 2018

CLERK OF THE COURT
BY: ___MEREDITH GRIER___
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| LAWRENCE HALEY, as an individual, <br><br> Plaintiff, <br><br> v. <br><br> CLARK CONSTRUCTION GROUP-CALIFORNIA, INC., a corporation; DOES 1-100, <br><br> Defendants. | Case No. CGC-18-570851 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. UNLAWFUL DISCRIMINATION <br> 2. RETALIATION <br> 3. HARASSMENT <br> 4. DISCRIMINATION <br> 5. VIOLATION OF GOVT. CODE SECTION 12940(h) <br> 6. NEGLIGENCE <br> 7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br> 8. WRONGFUL CONSTRUCTIVE DISCHARGE |

### SUMMARY OF CLAIMS

1.  This is an action for damages by Plaintiff against Clark Construction Group-California,

1
COMPLAINT FOR DAMAGES

Inc. for a pattern of tortious conduct, involving multiple violations of the Title VI of the Civil Rights Act of 1964, the Unruh Civil Rights Act, and the Equal Protection Clause based on harassment and discrimination on the basis of race and the intentional infliction of emotional distress. Plaintiff seeks compensatory damages, including general damages for mental and emotional distress, punitive damages and statutory attorney's fees.

**PARTIES**

2. Plaintiff LAWRENCE HALEY ("Plaintiff Haley") is an African American male residing in the State of California and was an employee of CLARK CONSTRUCTION GROUP-CALIFORNIA, INC., in the City and County of San Francisco, California.

3. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant CLARK CONSTRUCTION GROUP-CALIFORNIA, INC. ("CLARK"), is a California Corporation licensed to do business by virtue of the laws of the State of California and operating and engaging in business in the City and County of San Francisco, California.

4. Plaintiff is unaware of the true names and capacities of yet-to-be-identified individuals sued herein as DOE Defendants. Plaintiff, therefore, sues these defendants by these fictitious names and identify them as "yet-to-be-identified Defendant Clark" employees. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants are responsible in some manner for the acts, omissions and occurrences herein alleged and that Plaintiff's losses as herein alleged were proximately caused by such acts, omissions and occurrences. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when ascertained.

5. Plaintiff is informed and believe and thereon alleges that at all material times, DOES 1 through 50, inclusive, control Defendant CLARK and exercise substantial authority in devising and implementing personnel policies at Defendant CLARK. Any reference to Defendant CLARK in this Complaint includes DOES 1 through 50, inclusive, as well.

6. Plaintiff is informed and believes and thereon alleges that at all material times, DOES 51 through 100, inclusive, were Plaintiff's direct supervisors with supervisory authority over Plaintiff, including, but not limited to, the responsibility to direct Plaintiff's daily work activities

2
COMPLAINT FOR DAMAGES

and to make other employment actions affecting Plaintiff, such as the decisions to hire and/or fire, promote, reward or discipline Plaintiff. On information and belief, DOES 51 through 100, inclusive, are California residents. In doing the acts complained of herein, such DOE defendants acted individually and as agents of Defendants CLARK and DOES 1 through 50, and as such, Defendants CLARK and DOES 1 through 50 are liable for the acts of discrimination, harassment and retaliation of DOES 51 through 100, inclusive. Defendants CLARK and DOES 1 through 50 were negligent and/or reckless in that they knew or should have known about DOES 51 through 100's acts of and propensity to commit acts of discrimination, harassment and retaliation and failed to take immediate and appropriate corrective action.

7.   At all relevant times, defendants acted by and through their officers, agents and employees, including the defendants fictitiously named herein, each of whom, was acting within the purpose and scope of his or her agency or employment and whose acts, omissions and conduct alleged herein were known to, authorized by and ratified by defendants.

8.   At all relevant times, defendants, and each of them, including the defendants fictitiously named herein, acted as the agents of one another in the acts, omissions and occurrences herein alleged.

9.   The acts, omissions, conduct, contracts, promises and violations of the law herein alleged were done, made, performed or to be performed in substantial part in the City and County of San Francisco, State of California.

### FACTUAL BACKGROUND

10. On or about September 2017, Plaintiff Haley began working as a journeyman plumber at Defendant CLARK's construction site located at 150 Van Ness Avenue, San Francisco, CA.

11. Within weeks of beginning employment, Plaintiff Haley began noticing, in plain view, racially charged writings and drawings in multiple restrooms. These horrifying threats read, "we are going to kill all the niggers," "stupid niggers," "dumb niggers," "Nazi," "swastikas." Plaintiff immediately complained to his superiors at Defendant CLARK, who made no attempt to remove the inflammatory racial slurs depicted in its restrooms.

12. On October 3, 2017, Plaintiff walked into one of the restrooms, only to find a pile of feces laying on the floor below all of the profanities and threats mentioned above. Plaintiff once again immediately complained to Defendant Clark about the unbearable bathroom conditions.

This time, a yet-to-be-identified Defendant CLARK supervisor had the impertinence to simply suggest to Plaintiff to "put your safety glasses on." Defendant CLARK never made any efforts to clean either the feces or the writing found in the restroom.

13. On October 4, 2017, after eating lunch, Plaintiff made his way to use the restroom before resuming his shift. While washing his hands, Plaintiff pressed down on the soap dispenser and was immediately lathered with feces all over his hands, as the soap dispenser had been filled with feces. Plaintiff was immediately overcome with fear, stress, grief and anxiety. Plaintiff began shaking, as he realized that he had open wounds on his hands that could possibly be contaminated by the feces being on his hands. Plaintiff immediately went to a yet-to-be-identified Defendant CLARK supervisor, who did nothing more than point him to the main office across the street.

14. Upon running to Defendant CLARK's office, located across the street from the construction site, and asking to speak with another supervisor, Plaintiff was simply turned away. Instead of inquiring into how to aid Plaintiff during such a stressful and emotionally detrimental situation, a yet-to-be-identified Defendant CLARK supervisor aggressively forced Plaintiff to return back to the job site, doing nothing more than citing "procedures" that needed to be "taken care of" before he could leave the job site. Absolutely no remedial measures were ever taken by Defendant CLARK. In fact, quite the opposite occurred, forcing Plaintiff to seek medical attention on his own later that evening.

15. On October 5, 2017, Plaintiff, who was still emotionally distraught by the traumatizing events, was unable to attend work.

16. On October 6, 2017, Plaintiff notified a Defendant CLARK supervisor that he was not going to coming into work due to a scheduled medical appointment pertaining to the feces incident. Plaintiff furthered expressed his concern to the Defendant CLARK supervisor about potential treatment by his colleagues, as well as the mental anguish he was battling. This Defendant CLARK supervisor dismissed Plaintiff's concerns and threatened to terminate Plaintiff's employment by replying, "Really? What else can a doctor do? We are all grown men, you need to get over this. If you can't let me know, I will let you go. It's a little embarrassing but we are all grown men."

17. On October 9, 2017, Plaintiff begrudgingly returned to work. Throughout the day he was

4
COMPLAINT FOR DAMAGES

ridiculed and belittled as colleagues reminded him he had "shit on his hands." Several colleagues expressed their reluctance to having contact with Plaintiff and refused to shake his hand.

18. To date, Plaintiff still suffers from severe emotional distress, as he has continuously suffered from nightmares and has had to seek recurring medical treatment. Additionally, Plaintiff was constructively discharged, as he has been on disability since the incidents

### FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION UNDER CIVIL CODE SECTION 51
### (By Plaintiff Against Defendants Clark and DOES 1-100)

19. Plaintiff incorporates by reference the allegations contained in the Paragraphs above as though fully set forth herein.

20. Under the *Unruh Civil Rights Act*, all persons are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all **business establishments,** including both private and public entities. The *Unruh Civil Rights Act* protects all persons against arbitrary and unreasonable discrimination by a business establishment (Civil Code section 51).

21. Defendant CLARK is considered a business establishment in the State of California and is therefore subject to the requirements and restriction of the Unruh Civil Rights Act.

22. Defendant CLARK, by and through its agents, yet-to-be-identified Defendants, deprived Plaintiff of the equal accommodations, advantages, and privileges afforded to his non-African-American colleagues at the 150 Van Ness Avenue, San Francisco, CA, Defendant CLARK construction site.

23. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has sustained and continues to sustain substantial losses in wages.

24. As a proximate result of Defendants' willful, knowing and intentional discrimination

against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage.

25. Defendant CLARK has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights.

26. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

Wherefore, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VI
**(By Plaintiff Against Defendants Clark and DOES 1-100)**

27. Plaintiff incorporates by reference the allegations contained in the Paragraphs above as though fully set forth herein.

28. Title VI regulations provide that "[n]o recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by [Title VI], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subpart." 28 C.F.R § 42.108(e) (Department of Justice Regulation).

29. Not only did Defendants engage in harassing and discriminatory conduct towards Plaintiff, but after Defendant learned that Plaintiff was consistently reporting the harassment and discrimination he was experiencing to his supervisors, Defendants began retaliating against Plaintiff as well.

30. The above-described actions constitute retaliation pursuant to Title VI of the Civil Rights Act of 1964.

31. As a proximate result of Defendants' willful, knowing and intentional discrimination

6
COMPLAINT FOR DAMAGES

against Plaintiff, he has sustained and continues to sustain substantial losses in wages.

32. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage.

33. Defendant CLARK has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests punitive damages against Defendant CLARK.

34. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

Wherefore, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### HARASSMENT IN VIOLATION OF FEHA
#### (By Plaintiff Against Defendants Clark and DOES 1-100)

35. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set forth herein.

36. Plaintiff was at all relevant times herein an employee of Defendant CLARK covered by California Government Code section 12900 et seq. prohibiting harassment in employment on the basis of race and protected activities and requiring Defendant CLARK to take all reasonable steps to prevent discrimination, harassment and retaliation.

37. Such defendants were and are at all times material hereto employers within the meaning of California Government Code section 12900 et seq.

38. Plaintiff is, and at all relevant times herein, was an African American male.

39. Such Defendants engaged in the following actions with the intent of harassing Plaintiff

1    on account of his race; harassed Plaintiff by treating him differently than non-African American

2    employees; retaliated against Plaintiff for complaining about harassment and discrimination and

3    engaging in protected activities. The incidents created a hostile work environment.

4
5    40. Such defendants knew or should has known of these harassing actions because Plaintiff

6    reported them to such defendants and many of these harassing actions were open and obvious.

7    Despite such defendants' actual and constructive knowledge of the above-described harassment,

8    such defendants failed to take immediate and appropriate corrective action to stop the harassment.

9    Furthermore, before the harassment occurred, such defendants failed to tale all reasonable steps

10   to prevent such harassment from occurring.

11   41. The acts of defendants, and each of them, as described above, constitute a pattern and

12   continuous course of harassment on the basis of race in violation of California Government Code

13   section 12900 et seq.

14
15   42. The race-based harassment of Plaintiff by Defendants created an oppressive, hostile,

16   intimidating and offensive work environment for Plaintiff and interfered with Plaintiff's

17   emotional well being and ability to perform Plaintiff's duties. The race-based harassment was

18   sufficiently severe and pervasive as to materially alter Plaintiff's conditions of employment and

19   to create an abusive working environment.

20   43. Within one year of the date of the harassment herein alleged, Plaintiff filed a charge of

21   discrimination with the California Department of Fair Employment and Housing. The California

22   Department of Fair Employment and Housing issued Notices of Case Closure (Right to Sue

23   Letter). Plaintiff has exhausted all of Plaintiff's administrative remedies.

24
25   Wherefore, Plaintiff prays for judgment as set forth below.

26

27

### FOURTH CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF FEHA
**(By Plaintiff Against Defendants Clark and DOES 1-100)**

44. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set forth herein.

45. By the acts and omission alleged herein, Defendants discriminated against Plaintiff on the basis of race in violation of California Government Code section 12900 et seq.

Wherefore, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(h)
**(By Plaintiff Against Defendants Clark and DOES 1-100)**

46. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set forth herein.

47. At all times herein mentioned, Government Code section 12940(h) was in full force and effect and was binding on defendants. This subsection provides that it is an unlawful practice for any employer or person to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden by the Fair Employment and Housing Act or because the person has filed a complaint, testified or assisted in any proceeding.

48. After Plaintiff reported Plaintiff's allegations of harassment, Defendants retaliated against Plaintiff by either terminating Plaintiff and/or discriminating against Plaintiff.

49. By the acts and omissions alleged herein, Defendants violated California Government Code section 12940(h).

Wherefore, Plaintiff prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
### NEGLIGENCE
**(By Plaintiff Against Defendants Clark and DOES 1-100)**

9
COMPLAINT FOR DAMAGES

50. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set forth herein.

51. Defendants, and each of them, owed the following duties, among others, to Plaintiff:

  A. The duty to exercise reasonable care in performing their functions, duties and responsibilities as owners and operators of Defendant CLARK, including, but not limited to, the duty to exercise reasonable care in the ownership, management and operation of Defendant CLARK.

  B. The duty to exercise reasonable care in performing their functions, duties and responsibilities as employers of defendants DOES 1 through 100, including, but not limited to, the duty to exercise reasonable care in the screening, hiring, employment, training, supervision, monitoring, controlling and disciplining of such employees.

  C. The duty to exercise reasonable care to protect Plaintiff from injury.

52. Defendants, and each of them, knew, or should has known with reasonable certainty, that Plaintiff would suffer monetary and emotional and physical damages as set forth herein if Defendants, and each of them, failed to perform their duties in a proper manner and fashion, as was the reasonable standard for each of said Defendants.

53. Defendants, and each of them, failed and neglected to perform such functions, duties and responsibilities properly, adequately and within or above the prevailing standard of care, so that Defendants, and each of them, breached their individual duties of care of Plaintiff.

54. As a result of the above-described breach, Plaintiff were injured as herein alleged.

55. Plaintiff is informed and believes and thereon alleges that the damages described below

arose out of, were attributable to and are directly and proximately caused by Defendants' breach of such duties.

Wherefore, Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiff Against Defendants Clark and DOES 1-100)

56. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set for therein.

57. California case law allows a plaintiff to recover damages for intentional infliction of emotional distress if he or she suffers severe emotional injury caused by the Defendant's outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress.

58. Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants were intentional, extreme, and outrageous. Plaintiff is further informed and believes, and thereon alleges, that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

59. As a direct and proximate result of the actions of Defendants, Plaintiff suffered severe emotional distress, which has caused Plaintiff to sustain severe injuries to his person, all to his damage in an amount to be shown according to proof and within the jurisdiction of this court.

60. As a direct, legal and proximate result of the aforesaid tortious conduct of Defendants, all to Plaintiff's damage, in an amount to be shown according to proof.

Wherefore, Plaintiff prays for judgment as set forth below.

## EIGHTH CAUSE OF ACTION
### WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

11
COMPLAINT FOR DAMAGES

**(By Plaintiff Against Defendants Clark and DOES 1-100)**

61. Plaintiff incorporates herein by reference the allegations contained in the Paragraphs above as though fully set forth herein.

62. Defendants constructively terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws when they failed to take any remedial measures to correct the hostile work environment that Plaintiff had alerted them to. Defendants violated various laws including, but not limited to the Government Code Sections 12940 et seq., and California Labor Code Sections 6310, 1102.5, and 232.5.

63. As a proximate result of Defendants' conduct, as alleged above, Plaintiff has been harmed in that he has suffered the loss of wages, benefit and additional amounts of money he would have received if he had not been constructively terminated from his position with Defendant CLARK, in an amount according to proof.

64. As a further proximate result of Defendants' actions as alleged hereinabove, Plaintiff has been harmed in that he has suffered extreme and continuing humiliation, mental anguish and emotional distress, in an amount in excess of the minimum jurisdiction of the Court, according to proof.

65. The above recited actions of Defendants were committed with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiff. Plaintiff is informed and believes and on that basis alleges that the acts alleged herein taken towards him were carried out by managing agents of Defendants and/or ratification and approval of officer and/or managing agents of Defendants in a malicious, oppressive and fraudulent manner in order to harm Plaintiff, or with a willful and conscious disregard of Plaintiff's rights, thereby causing him unjust hardship, humiliation and/or emotional distress. Such conduct was despicable and justifies an

12
COMPLAINT FOR DAMAGES

award of punitive damages against Defendants in an amount sufficient to deter them from

engaging in such conduct again in the future, in an amount to be shown according to proof.

Wherefore, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

1. For general and special damages, including lost wages, in a sum in excess of the minimum jurisdictional limit of this Court, according to proof at trial;

2. For reasonable attorney's fees;

3. For costs of suit incurred herein;

4. For exemplary and punitive damages; and

5. For such other and further relief as the Court may deem just and proper.

DATED: October 17, 2018

THE LAW OFFICES OF JOHN L. BURRIS

By: _____

JOHN L. BURRIS
ADANTE D. POINTER
LATEEF H. GRAY
Attorneys for Plaintiff
LAWRENCE HALEY

13
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

JOHN L. BURRIS, SBN: 69888
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
TELEPHONE NO.: (510) 839-5200    FAX NO.: (510) 839-3882
ATTORNEY FOR *(Name):* Lawrence Haley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil Center Courthouse

CASE NAME:
Lawrence Haley v. Clark Construction Group–California, Inc., et al.

*FOR COURT USE ONLY:*
ENDORSED
FILED
Superior Court of California
County of San Francisco

OCT 24 2018

CLERK OF THE COURT
BY: MEREDITH GRIER
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-18-570851  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/22/2018

John L. Burris
(TYPE OR PRINT NAME)                                    ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT B

**Lawson, Megan M.**

---

| | |
|---|---|
| **From:** | Lawson, Megan M. |
| **Sent:** | Monday, July 15, 2019 3:31 PM |
| **To:** | 'john.burris@johnburrislaw.com'; 'Ann M. Kariuki'; 'Adante Pointer'; 'Lateef Gray' |
| **Cc:** | Hermle, Lynne C.; Perry, Jessica R. |
| **Subject:** | RE: Haley v. Clark Construction - Independent Medical Examination |

Dear Counsel,

We have not received a response to the below. To avoid having to schedule another meeting, we look forward to discussing this issue at tomorrow's meeting.

Thanks,
Megan

---

**From:** Lawson, Megan M.
**Sent:** Friday, July 12, 2019 3:58 PM
**To:** 'john.burris@johnburrislaw.com' <john.burris@johnburrislaw.com>; 'Ann M. Kariuki' <akariukiesq@gmail.com>; Adante Pointer <adante.pointer@johnburrislaw.com>; Lateef Gray <lateef.gray@johnburrislaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Subject:** Haley v. Clark Construction - Independent Medical Examination

Dear Counsel,

Given Mr. Haley's diagnosis of PTSD, anxiety, depression, and other psychiatric ailments, Clark plans to seek an independent medical examination through a psychiatric expert.
The expert, Dr. Mark Kalish, would conduct the exam in San Francisco at a date and time mutually agreed upon in August. Dr. Kalish has performed psychiatric evaluations for more than 35 years.  Dr. Kalish has treated the full spectrum of patients with psychiatric disorders, including anxiety, depression, manic depressive or bipolar illness, schizophrenia, and post-traumatic stress disorder. He is board certified by the American Board of Psychiatry and Neurology in Psychiatry, by the American Board of Forensic Psychiatry in Forensic Psychiatry, was a Distinguished Fellow with the American Psychiatric Association, served as Examiner for the American Board of Psychiatry & Neurology and for the American Board of Forensic Psychiatry, was a Clinical Instructor at the University of California, San Diego and an Assistant Clinical Professor at the University of California, San Diego.

The examination will include a psychiatric interview as well as psychological testing, which may include the Minnesota Multiphasic Personality Inventory 2 (the "MMPI-2"), a widely used psychological test which is used to reach a consistent, comprehensive picture of an individual's emotional and personality functioning.  The total length of the interview and psychological testing will be up to five hours, excluding breaks, and assuming a good faith effort by Plaintiff.  The interview will involve those of standard practice for an analysis and

diagnosis: an inquiry into Plaintiff's current mental status, cognitive and emotional functioning, the experiences that contributed to his emotional distress, any medical or psychological treatment for symptoms from the alleged distress, experiences between the end of employment to the time of the evaluation to assess the contributory stress factors, and his past personal and developmental experiences, educational, dating, marital and occupational history, litigation and financial history, and past medical and psychiatric history. Per his usual practice, he will audio record and may transcribe the examination.

Please let us know asap, and no later than Monday morning at 9:00 a.m., if you stipulate to such an exam. If not we will seek relief from the Court.

Thank you,
Megan

**Megan M. Lawson**
Attorney at law

Orrick
Silicon Valley  Ⓥ
T +1-650-289-7121
megan.lawson@orrick.com





# EXHIBIT C

**Lawson, Megan M.**

| | |
|---|---|
| **From:** | Hermle, Lynne C. |
| **Sent:** | Thursday, July 18, 2019 7:13 AM |
| **To:** | Ann M. Kariuki |
| **Cc:** | Lawson, Megan M.; Perry, Jessica R.; Lateef Gray; adante.pointer@johnburrislaw.com |
| **Subject:** | Re: Russell et. al v. Clark; Haley v. Clark: Summary of In-person Meet and Confer |

If we do not have agreement today on the IME, including that it will be conducted according to standard terms consistently accepted by the courts, we will file our motion. If there is something you'd like to discuss about that, please give us a time today.

Sent from my iPad

On Jul 17, 2019, at 10:15 PM, Ann M. Kariuki <akariukiesq@gmail.com> wrote:

> Hi Ms. Lawson,
>
> I was unable to get confirmation of a date since we ended so late today.
>
> I may also have comments on the proposed scope of the IME.  I will try to get confirmation tomorrow.
>
> Ann
>
> On Wed, Jul 17, 2019, 9:49 PM Lawson, Megan M. <megan.lawson@orrick.com> wrote:
>
>> Hi Ann,
>>
>> I'm following up on the email below and our conversation today at the end of the depo regarding scheduling Mr. Haley's IME. You stated that you and Mr. Haley were going to discuss in the lobby and get back to me tonight confirming one of the dates below.
>>
>> Please confirm whether August 6th works for Mr. Haley's IME. If not, please confirm whether the 5th or the 7th works.
>>
>> Thanks,
>>
>> Megan

**From:** Lawson, Megan M.
**Sent:** Tuesday, July 16, 2019 7:57 PM
**To:** 'Lateef Gray' <lateef.gray@johnburrislaw.com>; 'Ann M. Kariuki' <akariukiesq@gmail.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>
**Subject:** Russell et. al v. Clark; Haley v. Clark: Summary of In-person Meet and Confer

Dear Lateef and Ann,

Thank you for meeting with Lynne and me today in our San Francisco offices. I've sent Angel a link to access our recent production. Please let me know if she does not receive it. Below is a summary of our meeting today. Given the deadlines in these cases, please confirm the below by noon tomorrow and please let me know if I missed anything.

I.   _**Haley v. Clark Construction**_
   a.   **Independent Mental Examination**. Plaintiff agreed to an IME to be performed by Dr. Mark Kalish. Dr. Kalish is available to perform the exam in San Francisco on August 6, 2019. If that does not work for Mr. Haley, Dr. Kalish may be able to move his schedule to perform the exam on August 5th  and August 7th.  Please let us know by the end of the day tomorrow if the 6th will work, or if not, which of the other dates do work.

   b.   **Deposition of Mrs. Haley**. Plaintiff confirmed that Mrs. Haley is available the following dates for her deposition: July 22-23, July 25-26 and August 1-2. We will depose her on August 2nd and will send the subpoena shortly.

   c.   **Depositions of Clark Construction Employees**. Plaintiffs have now confirmed the following depositions:

         i.   Mr. Gary on July 26th

         ii.   Mr. Caringella on July 30th in Irvine. Plaintiff is deciding whether to take the deposition by video.

         iii.   Ms. Gilman on August 6th. Plaintiffs may decide not to proceed with Ms. Gilman's deposition.  If this is the case, please let us know by July 30.

         iv.   Mr. Ellers on August 9th

      d.   **Depositions of Mr. Haley's doctors**.

              i.   Plaintiffs confirmed they are available for Drs. McFarland and Arguelles' depositions on July 22 and Dr. Smith's deposition on July 25th.

              ii.   Ms. Kariuki stated that Mr. Haley only saw Drs. Keegan and Nakamura once when he visited the emergency room for a shot. Clark agreed to consider whether it will proceed with these depositions.  We will let you know by August 2.

II.   ***Russell et al v. Clark Construction***

      a.   **Plaintiffs' Depositions.** Orrick will send dates regarding its availability for Plaintiffs' rescheduled depositions.

      b.   **Depositions of Clark witnesses.** Clark will confirm Mr. Gee's availability to sit for his deposition on 7/24 and will provide alternative dates if he is not. Plaintiffs confirmed the following depositions:

              i.   Chris Burke on 7/24 at 10 a.m.

              ii.   Adam Sullivan on 8/1

      c.   **Clark's Investigation Into the incident involving the dolls.**  Plaintiffs requested a privilege log of documents related to the investigation. Plaintiffs clarified that they do not seek communications involving Orrick for the log. Clark will also confirm whether any non-privileged responses to Mr. Porter's April 27, 2019 email (Bates No. CLARK-R_000005) exist and if so, produce them. If not, Clark will include those emails on the privilege log.

      d.   **Clark's Response to Interrogatory No. 21**. Clark will amend its response to provide the names of the laborers who worked to clean the porta johns.

      e.   **Clark's Responses to Plaintiffs' Requests for Production.** The parties agreed to the following in response to Plaintiff's July 11th meet and confer letter:

i.    RFP No. 14 - Clark will produce a list of the names of the subcontractors that performed work at the 250 Howard construction site, if one exists.

ii.    RFP No. 15 – Clark will confirm whether there is a written agreement with United Site Services and if so, produce such agreement.

iii.    RFP No. 16 – Plaintiffs will identify for Clark the portions of its Safety Manual they would like to review.

iv.    RFP No. 19 – Clark confirmed that it produced the subcontractor meeting minutes in its July 9th production.

v.    RFP No. 21 – Clark will produce a document, if one exists, containing a list of names of the superintendents at the 250 Howard Construction site.

vi.    RFP No. 24 – Clark will amend its response to the RFP.

vii.    RFP No. 26 – Clark will amend its responses with the understanding that by "prohibited conduct," Plaintiffs are seeking documents regarding conduct prohibited by Clark's EEO policy.

viii.    RFP No. 27 - Clark will amend its responses with the understanding that by "prohibited conduct," Plaintiffs are seeking documents regarding conduct prohibited by Clark's EEO policy.

ix.    RFP No. 34 – Clark confirmed that it is not aware of documents evidencing the dates and times Clark laborers or employees checked the porta johns.

x.    RFP No. 35 – Plaintiffs will identify for Clark the portions of Clark's employee handbook they would like to review.

xi.    RFP No. 39 - Clark will review its interrogatory responses regarding Clark's efforts to maintain a safe environment and produce non-privileged documents, if they exist, regarding those efforts.

xii.    RFP No. 39 – Clark will review and determine whether it will amend its response to provide its Workers' Compensation Plan documents to Plaintiffs.

xiii.    RFP No. 44 – Clark confirmed that it produced site schedules in its July 9th production.

**Megan M. Lawson**
Attorney at law

Orrick
Silicon Valley 
T +1-650-289-7121
megan.lawson@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT D

**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LATEEF H. GRAY, Esq., SBN 250055**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
lateef.gray@johnburrislaw.com

Attorneys for Plaintiff
LAWRENCE HALEY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY, as an individual,<br><br>        Plaintiff,<br><br>v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 4:18-CV-07542-HSG<br><br>**PLAINTIFF LAWRENCE HALEY'S SUPPLEMENTAL INITIAL DISCLOSURES (GENERAL ORDER NO. 71)** |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

        Pursuant to the United States District Court for the Northern District of

California General Order No. 71, Plaintiff LAWRENCE HALEY hereby makes

the following disclosures.  Plaintiff makes these disclosures on the basis of

1

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

information currently available to it at this time, following a good faith inquiry in accordance with the Federal Rules of Civil Procedure.

Plaintiff reserves the right to amend and/or supplement these disclosures as any further information become available during the course of discovery and to rely upon such information as evidence in this action. Plaintiff makes the following disclosures in order to expedite the discovery process and without waiving the Federal Rules of Evidence, including the protections of the attorney-client privilege, the work-product doctrine and any other applicable privilege. Plaintiff expressly reserves its rights under those privileges and protections. By making the disclosures, Plaintiff does not concede that the disclosed evidence is relevant or admissible at trial, and reserves the right to assert any and all evidentiary objections.

## II.   INFORMATION THAT PLAINTIFF MUST PRODUCE TO DEFENDANT

**a. Identify persons that plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.**

| WITNESS | CONTACT INFORMATION | SUBJECT |
|---|---|---|
| Plaintiff Lawrence Haley | Law Offices of John L. Burris, 7677 Oakport Street, Suite 1120; Oakland, California 94621 (510) 839-5200 | Information or knowledge related to Plaintiff's claims and damages. |
| Emily Haley, Plaintiff's wife | Law Offices of John L. Burris, 7677 Oakport Street, Suite 1120; Oakland, California 94621 (510) 839-5200 | Information or knowledge related to Plaintiff's claims and damages. |

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

| | | |
|---|---|---|
| Nery Wilfredo, Employed by Bigge | Contacts unknown | Information or knowledge related to Plaintiff's claims and damages. |
| Cisco Estebez, Plaintiff's supervisor | Broadway Mechanicals-Contractors, Inc. 873 81st Avenue Oakland, California 94621 (510) 746-4000 | Information or knowledge related to Plaintiff's claims. |
| Tracy C. Smith, PsyD | Kaiser Permanente Richmond Medical Center 901 Nevin Avenue Richmond, California 94801 (510) 307-1605 | Information or knowledge related to Plaintiff's claims and damages. |
| Molly Patricia Keegan MD | Kaiser Permanente Richmond Medical Center 901 Nevin Avenue Richmond, California 94801 (510) 307-1500 | Information or knowledge related to Plaintiff's claims and damages. |
| Dennis Masaru Nakamura MD | Kaiser Permanente Richmond Medical Center 901 Nevin Avenue Richmond, California 94801 (510) 307-1500 | Information or knowledge related to Plaintiff's claims and damages. |
| Dr. Phil McFarland | 1300 Clay Street #600 Oakland, California 94612 (510) 688-4445 | Information or knowledge related to Plaintiff's claims and damages. |

**b.  State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any.  Identify any document concerning any such application.**

Plaintiff applied for and received disability benefits in the amount of around

$2,300.00 biweekly.  Plaintiff has produced responsive claim related documents including,

claim summary and benefit summary received from the California Department of

3

1   Employment Development Department (EDD).

2       Plaintiff also applied for social security and is awaiting a decision.  Plaintiff will

3   produce all relevant, responsive documents in his possession, custody and/or control.

4       Plaintiff has provided, to the best of his knowledge and ability at this time, complete

5   and accurate information regarding individuals who may have discoverable information

6   that Plaintiff may use to support its claims or defenses.  Plaintiff reserves the right to

7   supplement or delete from this list of individuals, as more information is obtained the

8   through discovery process.

9

10

11   Executed on March 7, 2019 at Oakland, California.

12

13                           LAW OFFICES OF JOHN L. BURRIS

14                           /s/ *Lateef H. Gray*
                             **LATEEF H. GRAY**

15

The Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Lawrence Haley | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:18-CV-07542-HSG |
| Clark Construction Group-California, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           COR for Kaiser Permanente - Richmond Medical Center
901 Nevin Avenue
Richmond, CA 94801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Wheels of Justice | Date and Time: |
|---|---|
| 52 Second Street, 3rd Floor | |
| San Francisco, CA 94105 | 04/05/2019 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/21/2019

CLERK OF COURT

OR         *[signature]*

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Clark Construction Group-California, Inc. _____, who issues or requests this subpoena, are:
MEGAN M. LAWSON (STATE BAR NO. 294397); ORRICK, HERRINGTON & SUTCLIFFE LLP; 1000 Marsh Road, Menlo Park, CA 94025; megan.lawson@orrick.com; 650-614-7400

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:18-CV-07542-HSG

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**
**LAWRENCE HALEY**
**DOB: 10/19/1971**

1.      Any and all documents, computer or tape recorded materials and writings that relate or refer to the physical, mental, psychological, psychiatric, emotional or behavioral condition, diagnosis, treatment and/or examination of **LAWRENCE HALEY**, by Molly Patricia Keegan, MD; Dennis Masaru Nakamura, MD; and/or Tracy C. Smith PsyD, including but not limited to any records, bills, notes, memoranda, insurance forms, intake forms, questionnaires, treatment plans, prescriptions issued, tests, test results, reports, diagnoses, and appraisals of patient status compiled, created, written, maintained or otherwise involving any of your employees, agents, or treating professionals.

2.      Any and all documents, computer or tape recorded materials and writings that relate or refer to any communication (whether written, oral, or by any other means) with **LAWRENCE HALEY** and Molly Patricia Keegan, MD; Dennis Masaru Nakamura, MD; and/or Tracy C. Smith PsyD.

3.      Any and all documents, computer or tape recorded materials and writings that relate or refer to any communication (whether written, oral, or by any other means) with any individual other than **LAWRENCE HALEY**, the subject of which is the physical, mental, psychological, psychiatric, emotional or behavioral condition, diagnosis, treatment and/or examination of **LAWRENCE HALEY** by Molly Patricia Keegan, MD; Dennis Masaru Nakamura, MD; and/or Tracy C. Smith PsyD.

1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   JESSICA R. PERRY (STATE BAR NO. 209321)
    jperry@orrick.com
3   MEGAN M. LAWSON (STATE BAR NO. 294397)
    megan.lawson@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
5   Menlo Park, CA  94025-1015
    Telephone:    650-614 7400
6   Facsimile:    650-614 7401

7   Attorneys for Defendant
    CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12   LAWRENCE HALEY, as an individual,        Case No. 4:18-cv-07542-HSG

13              Plaintiff,                     **DEFENDANT CLARK**
                                               **CONSTRUCTION GROUP-**
14        v.                                   **CALIFORNIA, INC.'S NOTICE OF**
                                               **SUBPOENA TO KAISER**
15   CLARK CONSTRUCTION GROUP-                 **PERMANENTE RICHMOND**
     CALIFORNIA, INC., a corporation; DOES 1- **MEDICAL CENTER**
16   100,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

1   TO PLAINTIFF LAWRENCE HALEY AND HIS COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3   Procedure, Defendant Clark Construction Group-California, Inc. intends to serve the attached

4   Subpoena on the Custodian of Records for Kaiser Permanente Richmond Medical Center, 901

5   Nevin Avenue, Richmond, California 94801 on Thursday, March 21, 2019, or as soon thereafter

6   as service may be effected.

7

8   Dated: March 11, 2019                    Orrick, Herrington & Sutcliffe LLP

9

10                                           By: _____

11                                               MEGAN M. LAWSON
                                                 Attorneys for Defendant
12                                               CLARK CONSTRUCTION GROUP-
                                                 CALIFORNIA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F


**THE PERMANENTE MEDICAL GROUP**

RCH-MAIN CAMPUS          Haley, Lawrence
901 NEVIN AVENUE          MRN: ████████ DOB: 10/19/1971, Sex: M
RICHMOND CA 94801-3143    Encounter date: 11/1/2017
Encounter Record

## OFFICE VISIT - MH/BH
11/1/2017

### Visit Information

| Date & Time | Provider | Department | Encounter # |
|---|---|---|---|
| 11/1/2017 5:00 PM | Smith, Tracy Cleo (Psyd) | PSYCHIATRY DEPARTMENT | 715698832 |

### Reason For Encounter History

| User | Date & Time |
|---|---|
| Smith, Tracy Cleo (Psyd) | 11/02/2017 12:26 PM |
| **Reason For Encounter** | |
| ANXIETY | |

### Diagnoses

| | Comments |
|---|---|
| **ADJUSTMENT DISORDER W ANXIETY**   - Primary | |
| **POSTTRAUMATIC STRESS DISORDER** | provisional |

### Encounter Messages

**Adult Outcomes Questionnaire available**

| From | To | Sent and Delivered |
|---|---|---|
| SECURE MESSAGE PROVIDER | Lawrence Haley | 10/31/2017 6:07 AM |

Last Read in kp.org
11/14/2017 9:30 AM by Lawrence Haley
Dear Lawrence Haley,

In preparation for your upcoming visit tomorrow, your provider requests that you complete a questionnaire. To access the questionnaire, click on the link below at the very end of this message. Please answer all questions. When you are done, click Submit Questionnaire. This will send your responses back to your provider, and will help you and your provider during your visit.

Please be aware that your questionnaire responses may not be seen until you meet with your provider.  If you have any urgent concerns before then, you can call your provider or the clinic. If you think you have a mental health or medical emergency, please call 911, or go to your nearest hospital.

Thank you for using kp.org.

Please click on the link below to access your questionnaires.

https://kp.org/healthquestionnaire

Thank you for using our website.


PLEASE DO NOT REPLY TO THIS MESSAGE
This notification is automatically generated.

### Patient Secure Message

**Adult Outcomes Questionnaire available**

| From | To | Sent and Delivered |
|---|---|---|
| SECURE MESSAGE PROVIDER | Lawrence Haley | 10/31/2017 6:07 AM |

Last Read in kp.org
11/14/2017 9:30 AM by Lawrence Haley
Dear Lawrence Haley,

In preparation for your upcoming visit tomorrow, your provider requests that you complete a questionnaire. To access the questionnaire, click on the link below at the very end of this message. Please answer all questions. When you are done, click Submit Questionnaire. This will send your responses back to your provider, and will help you and your provider during your visit.

 **THE PERMANENTE MEDICAL GROUP**

RCH-MAIN CAMPUS
901 NEVIN AVENUE
RICHMOND CA 94801-3143
Encounter Record

Haley, Lawrence
MRN: ▮▮▮▮▮▮▮ DOB: 10/19/1971, Sex: M
Encounter date: 11/1/2017

---

### MH Confidential Note (Mental Health) (continued)

MH Confidential Note (Mental Health) signed by Smith, Tracy Cleo (Psyd) at 11/2/2017  1:20 PM
(continued)                                                                                                          Version 1 of 1

Insight: good
Judgment: good

AOQ Results: n/a

RISK ASSESSMENT:
   Danger to Self:  None, per pt
   Danger to Others:  None, per pt

DIAGNOSTIC IMPRESSION:
Anxiety Disorder
PTSD, provisional

GOALS:
Manage anxiety sx's
Broaden support network

   TIMEFRAME TO COMPLETION:

TREATMENT PLAN:
   Individual/Couples Therapy: Follow-up Appointment on  with Tracy Smith, PsyD on 12/12 at 3:30 PM
   Group(s):  Jobstress group; Seeking Safety class
   Medication Evaluation on n/a
     Reason for Referral:  n/a
   Chemical Dependency Services:  n/a
   Other Referrals: n/a

Time spent in session: 45 min

NOTES:

Electronically signed by Smith, Tracy Cleo (Psyd) on 11/2/2017  1:20 PM

---

**Vitals**

   None

---



**THE PERMANENTE MEDICAL GROUP**

RCH-MAIN CAMPUS
901 NEVIN AVENUE
RICHMOND CA 94801-3143
Encounter Record

Haley, Lawrence
MRN: ████████, DOB: 10/19/1971, Sex: M
Encounter date: 11/1/2017

---

**Encounter-Level Documents - 11/01/2017:**

Scan on 11/2/2017  1:48 PM by Smith, Tracy Cleo (Psyd) : RCH-AOQ Questionnaire (below)

**Description:** RCH-AOQ Questionnaire **Scan Date:** 11/2/2017 **Index Date:** 11/3/2017

---

## AOQ 1.4

Name: HALEY,LAWRENCE
MRN: ████████ DOB: 10/19/1971
Dept: RCH-PSY* -MAIN CAMPUS
Prov: SMITH, TRACY CLEO (PSYD)
Appt Date: 11/1/2017  Prov ID 29818

Name_____   Date_____

| PHQ-9 Over the last two weeks, how often have you been bothered by any of the following problems? (Circle only one number per line) | Not at all | Several Days | More than half the days | Nearly every day |
|---|---|---|---|---|
| 1. Little interest or pleasure in doing things | 0 | 1 | 2 | ③ |
| 2. Feeling down, depressed or hopeless | 0 | 1 | ② | 3 |
| 3. Trouble falling or staying asleep, or sleeping too much | 0 | 1 | 2 | ③ |
| 4. Feeling tired or having little energy | 0 | 1 | 2 | ③ |
| 5. Poor appetite or overeating | 0 | 1 | 2 | ③ |
| 6. Feeling bad about yourself – or that you are a failure or have let yourself or your family down | 0 | 1 | 2 | ③ |
| 7. Trouble concentrating on things, such as reading the newspaper or watching television | 0 | 1 | 2 | ③ |
| 8. Moving or speaking so slowly that other people could have noticed. Or the opposite – being so fidgety or restless that you have been moving around a lot more than usual | 0 | 1 | 2 | ③ |
| 9. Thoughts that you would be better off dead, or of hurting yourself in some way | ⓪ | 1 | 2 | 3 |

No permission required to reproduce, translate, display or distribute. Developed by Spitzer, Williams, Kroenke et al with educgrant from Pfizer.

Add the circled numbers in each column, then add the sums:  0 + ___ + 2 + 21 = 23 **A**

| | Not at all | Several Days | More than half the days | Nearly every day |
|---|---|---|---|---|
| 10. Feeling nervous, anxious or on edge | 0 | 1 | 2 | ③ |
| 11. Not being able to stop or control worrying | 0 | 1 | 2 | ③ |
| 12. Feeling unproductive at work or other daily activities | 0 | 1 | 2 | ③ |
| 13. Having trouble focusing on achieving your goals | 0 | 1 | 2 | ③ |

Add the circled numbers in each column, then add the sums:  0 + ___ + ___ + 12 = 12 **B**

**Global Distress Score (GDS):   TOTAL (A + B) =** [ ]

| **PLEASE WAIT** until your clinician asks you to complete these items. | Only a little or not at all | Sometimes | Quite a bit | Totally |
|---|---|---|---|---|
| 1. In the session, we discussed the things that are most important to me. | 0 | 1 | 2 | 3 |
| 2. I felt understood and respected by my clinician. | 0 | 1 | 2 | 3 |
| 3. I understand and agree with my treatment plan. | 0 | 1 | 2 | 3 |

**A+B**

**Goodness of Fit score:**  0 + ___ + ___ + ___ = [ ] **F**

---

Generated on 4/3/19  3:43 PM


**THE PERMANENTE MEDICAL GROUP**

RCH-MAIN CAMPUS
901 NEVIN AVENUE
RICHMOND CA 94801-3143
Encounter Record

Haley, Lawrence
MRN: ████████  DOB: 10/19/1971, Sex: M
Encounter date: 11/7/2017

---

**Encounter-Level Documents - 11/07/2017:**

Scan on 11/10/2017  2:35 PM : Psych Records (below)
**Description:** Psych Records **Scan Date:** 11/10/2017 **Index Date:** 11/13/2017

Name: HALEY LAWRENCE
MRN ████  DOB: 10/19/1971
Dept: RCH-PSY' >MAIN CAMPUS
Prov  SEEKING SAFETY
Appt Date: 11/7/2017  Prov ID No ID

## AOQ 1.4

Name ___Haley___  Kaiser # _____

| PHQ-9<br>Over the last two weeks, how often have you been bothered by any of the following problems?<br>(Circle only one number per line) | Not at all | Several Days | More than half the days | Nearly every day |
|---|---|---|---|---|
| 1.  Little interest or pleasure in doing things | 0 | 1 | 2 | (3) |
| 2.  Feeling down depressed or hopeless | 0 | 1 | 2 | (3) |
| 3.  Trouble falling or staying asleep, or sleeping too much | 0 | 1 | 2 | (3) |
| 4.  Feeling tired or having little energy | 0 | 1 | 2 | (3) |
| 5.  Poor appetite or overeating | 0 | 1 | 2 | (3) |
| 6.  Feeling bad about yourself – or that you are a failure or have let yourself or your family down | 0 | 1 | 2 | (3) |
| 7.  Trouble concentrating on things, such as reading the newspaper or watching television | 0 | 1 | 2 | (3) |
| 8.  Moving or speaking so slowly that other people could have noticed. Or the opposite – being so fidgety or restless that you have been moving around a lot more than usual | 0 | 1 | 2 | (3) |
| 9.  Thoughts that you would be better off dead, or of hurting yourself in some way | (0) | 1 | 2 | 3 |

No permission required to reproduce, translate, display or distribute. Developed by Spitzer, Williams, Kroenke et al with educ grant from Pfizer.

Add the circled numbers in each column, then add the sums:  0 + ☐ + ☐ + [26] = [24] A

| | | Not at all | Several Days | More than half | Nearly every |
|---|---|---|---|---|---|
| 10. | Feeling nervous, anxious or on edge | 0 | 1 | 2 | (3) |
| 11. | Not being able to stop or control worrying | 0 | 1 | 2 | (3) |
| 12. | Feeling unproductive at work or other daily activities | 0 | 1 | 2 | (3) |
| 13. | Having trouble focusing on achieving your goals | 0 | 1 | 2 | (3) |

Add the circled numbers in each column, then add the sums:  0 + ☐ + ☐ + [12] = [12] B

**Global Distress Score (GDS):  TOTAL (A + B) =** ☐  A+B

| PLEASE WAIT until your clinician asks you to complete these items. | Only a little or not at all | Sometimes | Quite a bit | Totally |
|---|---|---|---|---|
| 1.  In the session, we discussed the things that are most important to me. | 0 | 1 | 2 | 3 |
| 2.  I felt understood and respected by my clinician. | 0 | 1 | 2 | 3 |
| 3.  I understand and agree with my treatment plan. | 0 | 1 | 2 | 3 |

**Goodness of Fit score:**  0 + ___ + ___ + ___ = ☐ F

---

Generated on 4/3/19  3:43 PM

# EXHIBIT G

## Patient Health Questionnaire (PHQ-9)

**Patient Name:** _____   **Date:** _____

|  | Not at all | Several days | More than half the days | Nearly every day |
|---|---|---|---|---|
| 1. Over the *last 2 weeks,* how often have you been bothered by any of the following problems? |  |  |  |  |
| a. Little interest or pleasure in doing things | ☐ | ☐ | ☐ | ☐ |
| b. Feeling down, depressed, or hopeless | ☐ | ☐ | ☐ | ☐ |
| c. Trouble falling/staying asleep, sleeping too much | ☐ | ☐ | ☐ | ☐ |
| d. Feeling tired or having little energy | ☐ | ☐ | ☐ | ☐ |
| e. Poor appetite or overeating | ☐ | ☐ | ☐ | ☐ |
| f. Feeling bad about yourself or that you are a failure or have let yourself or your family down | ☐ | ☐ | ☐ | ☐ |
| g. Trouble concentrating on things, such as reading the newspaper or watching television. | ☐ | ☐ | ☐ | ☐ |
| h. Moving or speaking so slowly that other people could have noticed. Or the opposite; being so fidgety or restless that you have been moving around a lot more than usual. | ☐ | ☐ | ☐ | ☐ |
| i. Thoughts that you would be better off dead or of hurting yourself in some way. | ☐ | ☐ | ☐ | ☐ |

|  | Not difficult at all | Somewhat difficult | Very difficult | Extremely difficult |
|---|---|---|---|---|
| 2. If you checked off any problem on this questionnaire so far, how difficult have these problems made it for you to do your work, take care of things at home, or get along with other people? | ☐ | ☐ | ☐ | ☐ |

**PHQ-9\* Questionnaire for Depression Scoring and Interpretation Guide**

**For physician use only**

**Scoring:**
Count the number (#) of boxes checked in a column.  Multiply that number by the value indicated below, then add the subtotal to produce a total score.  The possible range is 0-27.  Use the table below to interpret the PHQ-9 score.

Not at all                        (#) _____ x 0 = _____
Several days                    (#) _____ x 1 = _____
More than half the days (#) _____ x 2 = _____
Nearly every day              (#) _____ x 3 = _____

**Total score:**                                _____

| Interpreting PHQ-9 Scores | | Score | Actions Based on PH9 Score |
|---|---|---|---|
| | | | **Action** |
| Minimal depression | 0-4 | < 4 | The score suggests the patient may not need depression treatment |
| Mild depression | 5-9 | | |
| Moderate depression | 10-14 | > 5 - 14 | Physician uses clinical judgment about treatment, based on patient's duration of symptoms and functional impairment |
| Moderately severe depression | 15-19 | | |
| Severe depression | 20-27 | | |
| | | > 15 | Warrants treatment for depression, using antidepressant, psychotherapy and/or a combination of treatment. |

\* PHQ-9 is described in more detail at the McArthur Institute on Depression & Primary Care website
   www.depression-primarycare.org/clinicians/toolkits/materials/forms/phq9/

# EXHIBIT H

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

|  |  |  |
|---|---|---|
| Lawrence Haley | ) | |
| *Plaintiff* | ) | Civil Action No.  4-18-CV-07542-HSG |
| v. | ) | |
| Clark Construction Group-California, Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Dr. Phillip MacFarland
1300 Clay Street #600
Oakland, CA 94612

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Wheels of Justice<br>52 Second Street, 3rd Floor<br>San Francisco, CA 94105 | Date and Time:<br><br>04/05/2019 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/21/2019

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | *Megan Lawson* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Clark Construction Group-California, Inc._____, who issues or requests this subpoena, are:
MEGAN M. LAWSON (STATE BAR NO. 294397); ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025; megan.lawson@orrick.com; 650-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4-18-CV-07542-HSG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**
**LAWRENCE HALEY**
**DOB: 10/19/1971**

1.      Any and all documents, computer or tape recorded materials and writings that relate or refer to the physical, mental, psychological, psychiatric, emotional or behavioral condition, diagnosis, treatment and/or examination of **LAWRENCE HALEY**, including but not limited to any records, bills, notes, memoranda, insurance forms, intake forms, questionnaires, treatment plans, prescriptions issued, tests, test results, reports, diagnoses, and appraisals of patient status compiled, created, written, maintained or otherwise involving any of your employees, agents, or treating professionals.

2.      Any and all documents, computer or tape recorded materials and writings that relate or refer to any communication (whether written, oral, or by any other means) with **LAWRENCE HALEY**.

3.      Any and all documents, computer or tape recorded materials and writings that relate or refer to any communication (whether written, oral, or by any other means) with any individual other than **LAWRENCE HALEY**, the subject of which is the physical, mental, psychological, psychiatric, emotional or behavioral condition, diagnosis, treatment and/or examination of **LAWRENCE HALEY**.

LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JESSICA R. PERRY (STATE BAR NO. 209321)
jperry@orrick.com
MEGAN M. LAWSON (STATE BAR NO. 294397)
megan.lawson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     650-614 7400
Facsimile:     650-614 7401

Attorneys for Defendant
CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC., a corporation; DOES 1-100,<br><br>Defendants. | Case No. 4:18-cv-07542-HSG<br><br>**DEFENDANT CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.'S NOTICE OF SUBPOENA TO DR. PHIL MCFARLAND** |

1    TO PLAINTIFF LAWRENCE HALEY AND HIS COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3    Procedure, Defendant Clark Construction Group-California, Inc. intends to serve the attached

4    Subpoena on Dr. Phillip MacFarland, on Thursday March 21, 2019, or as soon thereafter as

5    service may be effected.

6

7    Dated: March 11, 2019                    Orrick, Herrington & Sutcliffe LLP

8

9                                             By: _____

10                                                 MEGAN M. LAWSON
                                                   Attorneys for Defendant
11                                             CLARK CONSTRUCTION GROUP-
                                                    CALIFORNIA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT I

## Casenotes

Date Dec.13, 2017

**Pt name:**    Lawrence Haley

**Psychological Diagnosis:** Major depression, and anxiety by Hx.

## Current concerns: **Persistent Mood Sxs.**

Sleeps-a lot 16hrs   Energy  low    Focus-poor

**Take any psych meds:** no

**Medical Condition:** HBP and prediabetic

**Any Disability Paperwork from SDI?:** ...none

**Tx. plan intervention used:**  Psycho Education ....Life coaching,

**Plans for the week?:**  none

**Other:** attends group at Kaiser for mental health

Dr's signature: _VMcFarland PhD R Div.____    date:_12-13-17

Next appt date: 12 27 17

Date: _12/19/16_

Patient Name: _Haley, Lawrence_

Medical Necessity: _MDD + GAD_

Brief Concern of Client Today: _Increased mood SX's, Poor focus and concentration, Had nightmare about being chased in his work situation. Isolating._

Progress in Treatment: _✓_ Improved _____ No Change _____ Declined _Energy level Variable._
Note: _Taking dogs for walks. Poor memory_

Any Change(s) in Medication(s): _✓_ No _____ Yes Note Change(s): _Advised to see MD to get anti anxiety medication_

Any Change(s) in Diagnoses: _✓_ No _____ Yes Note Change(s): _____

Medical Notes: _None reported_

Treatment Notes: _SFC + CBT_

Mental Status: Suicidal/Homicidal/Psychosis: _✓_ No _____ Yes Oriented x 3: _____ No _✓_ Yes

Mood: _Depressed_ Affect: _Congruent_ Anxiety: _Elevated_
Payment: _____ Next Appt: _1/2/19_
Signature: _The Bret Reguelles PSY 27411_ Date: _12/19/16_

Amt Paid _____ Cash _____ Chk _____ C/D Card _____ Other _____

Date: _____ Time Spent with Client: _____

Medical Necessity: _____
Brief Concern of Client Today: _____

Progress in Treatment: _____ Improved _____ No Change _____ Declined
Note: _____

Any Change(s) in Medication(s): _____ No _____ Yes Note Change(s): _____

Any Change(s) in Diagnoses: _____ No _____ Yes Note Change(s): _____

Medical Notes: _____

Treatment Notes: _____

Mental Status: Suicidal/Homicidal/Psychosis: _____ No _____ Yes Oriented x 3: _____ No _____ Yes

Mood: _____ Affect: _____ Anxiety: _____
Payment: _____ Next Appt: _____
Signature: _____ Date: _____
Amt Paid _____ Cash _____ Chk _____ C/D Card _____ Other _____