UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY,<br>　　　　Plaintiff,<br>　　v.<br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.,<br>　　　　Defendant. | Case No. 18-cv-07542-HSG (JSC)<br><br>**ORDER GRANTING MOTION TO COMPEL**<br>Re: Dkt. No. 26 |

Now pending before the Court is Defendant's motion to compel an independent medical exam of plaintiff Lawrence Haley pursuant to Federal Rule of Civil Procedure 35. (Dkt. No. 26.) After considering the parties' written submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the August 14, 2019 hearing, and GRANTS the motion to compel to permit Dr. Kalish to perform an IME on Plaintiff not to exceed five hours.

Plaintiff does not--and cannot--dispute that Defendant is entitled to an IME given that Plaintiff is seeking severe emotional distress damages; instead, Plaintiff seeks to limit the scope of the IME. In particular, he seeks to "[l]imit the oral and written examination so that it does not include family history, sexual history, marital history, or legal history or past medical history generally." He claims such testimony is irrelevant as "Plaintiff has already testified that none of these categories caused him distress to the extent he could not go to work and function before the incidents alleged here." (Dkt. No. 40 at 9.) Plaintiff's proposed limitations fundamentally misapprehend the purpose of discovery in general and the IME in particular. Defendant is not required to accept Plaintiff's testimony as to the extent and cause of his distress if any; instead, Defendant has the IME performed to independently determine its position as to Plaintiff's distress and the damages he seeks.

Plaintiff's reliance on *Oliver v. Microsoft*, 2013 WL 3855651 (N.D. Cal. July 24, 2013) is misplaced as there the court did not impose any limitations; instead, the limitations were agreed upon by the parties. Further, while Plaintiff baldly states that "Plaintiff's proposed limitations above have been granted in other matters in the Northern District, notwithstanding whether the parties negotiated the limits themselves," (Dkt. No. 40 at 10), no such case is cited. The Court cannot be persuaded by cases of which it has no knowledge.

Nor does the "prior history of alleged misconduct during an IME performed by Dr. Kalish" warrant the limitations Plaintiff seeks. Plaintiff is relying on a lawsuit filed by a pro se plaintiff, even though the lawsuit was dismissed (and the dismissal affirmed on appeal) based in part on the plaintiff's failure to show a probability of success. Further, the plaintiff sued Dr. Kalish only after he unsuccessfully appealed the resolution of the underlying case in which he was examined by Dr. Kalish. *Parker v. Kalish*, 2009 WL 2235838 (Cal. Ct. App. 2009.) Unless Plaintiff possesses some other information, it is inappropriate to demand limitations based on the unhappy pro se plaintiff's dismissed allegations.

Finally, there is no basis in the record for the Court to order a deposition of Dr. Kalish. Pending before the Court is Defendant's motion to compel—Plaintiff did not file a motion to compel. Indeed, there is nothing before the Court, including in Plaintiff's 89 pages of exhibits, to suggest that Plaintiff has even sought a deposition of Dr. Kalish before filing his opposition to the motion to compel or, if he had, that the parties had met and conferred on that issue.

Accordingly, on or before August 23, 2019 Plaintiff shall submit to an IME by Dr. Kalish not to exceed five hours. Plaintiff's motion to strike is denied as moot as the Court did not rely on the supplemental declaration.

This Order disposes of Docket Nos. 26 and 41.

**IT IS SO ORDERED.**

Dated: August 13, 2019

*Jacqueline S. Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2