UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY,<br>　　　　Plaintiff,<br>　v.<br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.,<br>　　　　Defendant. | Case No. 18-cv-07542-HSG<br><br>**ORDER TO SHOW CAUSE WHY MOTION SHOULD NOT BE GRANTED**<br><br>Re: Dkt. No. 23 |

On May 21, 2019, Defendant filed a motion requesting that the Court modify its scheduling order to provide that trial will be a bench rather than a jury trial. Dkt. No. 23. To date, Plaintiff has not filed his opposition, although he has been actively participating in the case.

In general, an opposition must be filed and served "not more than 14 days after the motion was filed." L.R. 7-3(a). The Court may interpret a failure to oppose a motion as a concession that the motion should be granted. *See GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's argument as a concession of said argument); *see also Marziano v. Cty of Marin*, No. C-10-2740 EMC, 2010 WL 38955258, at *4 (N.D. Cal. Oct. 4, 2010) (interpreting plaintiff's failure to oppose defendant's motion to dismiss as a concession that the claim at issue should be dismissed).

//
//
//
//
//

Because Plaintiff failed to oppose Defendant's motion within the mandated period of 14 days, the Court may, in its discretion, grant Defendant's motion. *See Marziano*, 2010 WL 38955258, at *4. The Court thus **ORDERS** Plaintiff to show cause by September 20, 2019 why Defendant's motion should not be granted in light of Plaintiff's failure to oppose the motion.

**IT IS SO ORDERED.**

Dated: 9/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge