UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 18-cv-07542-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Re: Dkt. No. 23 |

Defendant Clark Construction Group-California, Inc. filed a motion to modify the Court's scheduling order. Dkt. No. 23 ("Mot."). Specifically, Defendant requests that the Court modify its order to provide that the scheduled March 23, 2020 trial will be a bench rather than a jury trial. *Id*. at 1. For the reasons articulated below, the Court **GRANTS** Defendant's motion.

## I. RELEVANT PROCEDURAL FACTS

Plaintiff Lawrence Haley filed his complaint in San Francisco Superior Court on October 24, 2018 and served Defendant on November 14, 2018. Dkt. No. 1-1, Ex. A. The Complaint did not pray for a jury trial. *See id*. Defendant filed its answer and removed the action to federal court on December 14, 2018. Dkt. No. 1; Dkt. No. 1-2, Ex. B. The parties filed their joint case management statement on March 13, 2019, in which Plaintiff for the first time requested a jury trial. Dkt. No. 16 at 10. Defendant objected to Plaintiff's request, arguing that Plaintiff did not make a timely jury demand. *Id*.

In May 2019, the Court issued its scheduling order and set a jury trial for March 2020. Dkt. No. 22. Defendant filed this motion, requesting that the Court modify the jury trial to be a bench trial. *See generally* Mot. Plaintiff did not file his opposition to the motion within the mandated period of fourteen days, although he was still actively participating in the case. *See* Civ.

1  L.R. 7-3(a). The Court then issued an order to show cause why Defendant's motion should not be
2  granted in light of Plaintiff's failure to oppose. Dkt. No. 52. Plaintiff filed his response and
3  opposition to Defendant's motion on September 20, 2019, citing an attorney's illness as the reason
4  for counsel's oversight in filing a timely opposition. Dkt. No. 54 ("Opp.") at 8.

## II. LEGAL STANDARD

Although styled as a motion to modify the scheduling order, the substance of Defendant's motion is to strike Plaintiff's jury demand. Under Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable of right by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). If demand is not properly served and filed, then a party waives the right to a jury trial. Fed. R. Civ. P. 38(d). In the case of removal proceedings, if all necessary pleadings have been served at the time of removal, then a party is entitled to a jury trial if the party serves a demand within 14 days after it files a notice of removal, or is served with a notice of removal. Fed. R. Civ. P. 81(c)(3).[1]

If a party fails to make a timely jury demand, the district court may, in its discretion, order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P. 39(b). However, the Ninth Circuit has held that this "discretion is narrow," and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citations omitted). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Id*. (citations omitted).

## III. DISCUSSION

Plaintiff does not dispute that he did not make a jury trial demand when this matter was pending in state court. Nor does he dispute that he did not make a jury trial demand within fourteen days after Defendant filed its answer and removed this action to state court. *See* Fed. R. Civ. P. 38(b); Fed. R. Civ. P. 81(c)(3). Instead, he proffers that by taking "the first opportunity to

---

[1] Federal Rule of Civil Procedure 7(a) defines a "pleading" as a complaint, answer to a complaint, or a reply to an answer (if the court orders one). Fed. R. Civ. P. 7(a).

2

United States District Court
Northern District of California

advise the court of the expressed demand for jury trial by way of the Initial Joint Case Management Conference Statement," he did not waive his right to a jury trial. Opp. at 5.

The Court disagrees with Plaintiff. It is unambiguous that under either Rule 38 or Rule 81, Plaintiff's request for a jury trial, made three months after removal and the filing of Defendant's answer, is insufficient to constitute a timely jury demand. And Plaintiff's counsel does not provide any reason why the Court, in its discretion, should grant the untimely jury demand. The Court is bound by Ninth Circuit law, and given Plaintiff's failure to show the untimely request resulted from more than mere inadvertence or oversight, the Court cannot grant the untimely jury demand. *See Pac. Fisheries*, 239 F.3d at 1002; *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1065 n.4 (9th Cir. 2005) ("had the district judge ordered a jury trial under Rule 39(b), he would have abused his discretion … [plaintiff] points to no explanation other than inadvertence for her failure to make a timely jury trial request"); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (pro se plaintiff's good faith mistake as to the deadline and requirements establishes "no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand"); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996) (district court correctly denied motion for jury trial when failure was due to inadvertence or oversight); *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (same); *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 988 (9th Cir. 1980) (that the lawyer "was swamped with other work" is insufficient to excuse failure to file a timely jury demand).[2]

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to modify the scheduling order. The Court **RESETS** the schedule as follows: 3-Day Bench Trial set for March 23, 2020 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: 9/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Plaintiff argues that the Court, in its discretion, should extend time for Plaintiff to file a jury demand under Rule 6(b). Opp. at 6. But that "discretion should rarely be exercised" to grant an untimely jury request. *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975) (citation omitted).