UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 18-cv-07542-HSG<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>Re: Dkt. No. 46 |

Plaintiff Lawrence Haley moved *ex parte* to modify the scheduling order to extend the fact discovery deadline from August 19, 2019 to October 2, 2019. Dkt. No. 46 ("Mot."). The Court held a hearing on the *ex parte* application on August 22, 2019. Having carefully considered the parties' arguments, the Court **DENIES** Plaintiff's *ex parte* application, and explains its reasoning briefly for the record.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *see also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (noting court may modify schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*; *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 975 F.2d at 609. Whether or not to

reopen discovery is in the discretion of the district court: the district court has "wide latitude in controlling discovery." *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).

## II. DISCUSSION

Plaintiff filed his *ex parte* application the day discovery closed, seeking to extend the discovery deadline because of Defendant's purportedly belated production of documents. Mot. at 3–4. According to Plaintiff, those produced documents "revealed more than six (6) additional witnesses." Mot. at 4. However, Plaintiff's motion fails to specifically identify what additional discovery Plaintiff requests. At the hearing, Plaintiff's counsel clarified that she was seeking to depose Bashir Zayid and Steve Highland, individuals whose email addresses were included in Defendant's "belatedly produced documents." *See* Dkt. No. 46-3, Ex. 12.

The Court finds Plaintiff failed to show good cause why he should be allowed to extend discovery. The alleged "belatedly produced documents" were just five additional emails, totaling nineteen pages, which Defendant produced to Plaintiff on August 6, 2019, weeks before the discovery cut-off. *See id.* Plaintiff accuses Defendant of "trial by ambush and document dumping," but Defendant's conduct hardly qualifies for such labels. *See* Mot. at 4. Given the minimal number of documents, Plaintiff could have sought to depose Mr. Zayid and Mr. Highland well before the August 19, 2019 discovery cut-off. Further, some of these documents were already produced to Plaintiff, and Defendant identified Mr. Zayid in a discovery response in July 2019. *See* Dkt. No. 49-1 ¶¶ 12, 20. Plaintiff clearly was not diligent in seeking to extend discovery.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's *ex parte* application to modify the scheduling order.

**IT IS SO ORDERED.**

Dated: 10/9/2019

*[signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge