UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HALEY,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK CONSTRUCTION GROUP-CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 18-cv-07542-HSG<br><br>**ORDER ON MOTION FOR SANCTIONS, MOTION FOR SUMMARY JUDGMENT, AND ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 59, 60, 71, 76 |

Currently before the Court are Defendant's motions for sanctions and summary judgment, and the parties' administrative motions to file documents under seal. For the reasons articulated below, the Court **DENIES** Defendant's motion for sanctions, Dkt. No. 76; **GRANTS** Defendant's motion for summary judgment on the Title VI claim and **REMANDS** the remaining state law claims to state court, Dkt. No. 60; **GRANTS** Defendant's motion to file under seal, Dkt. No. 59; and **GRANTS IN PART** and **DENIES IN PART** Plaintiff's corrected motion to file under seal, Dkt. No. 71.

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff Lawrence Haley filed his complaint in San Francisco Superior Court on October 24, 2018. Dkt. No. 1-1 ("Compl."). Plaintiff's complaint includes seven state causes of action and one federal cause of action, retaliation in violation of Title VI. Compl. ¶¶ 19–65. Defendant Clark Construction Group–California, Inc. removed the action on December 14, 2018, based on the Title VI federal cause of action. Dkt. No. 1 at ¶¶ 3–7.

The Court had its initial case management conference with the parties in March 2019. Dkt. No. 17. Since the case management conference, the Court granted Defendant's motion to modify the scheduling order (which the Court construed as a motion to strike Plaintiff's jury demand) and

denied Plaintiff's ex parte application to modify the scheduling order. Dkt. Nos. 56, 57, 58.

Defendant filed its motion for summary judgment on October 10, 2019, seeking summary judgment on all of Plaintiff's causes of action. Dkt. No. 60. The Court held a hearing on the motion on November 27, 2019. Dkt. No. 73. At the hearing, Plaintiff conceded that summary judgment was appropriate as to the Title VI claim and told the Court that it was "inadvertently alleged as a Title VI" claim, when it "should have been a Title VII" claim. Dkt. No. 76-3, Ex. B at 2:21–3:3.[1] Plaintiff's counsel also represented that she "believe[s] that there are no facts to support retaliation anyway with respect to Title VII." *Id*. The Court informed the parties that because summary judgment was appropriate as to the only federal cause of action, it would remand the case in light of the Ninth Circuit's clear direction on this point and in consideration of the factors under 28 U.S.C. § 1367(c). *Id*. at 5:23–7:4. Defendant expressed its intention to bring a motion for sanctions and requested that the Court retain jurisdiction to rule on the motion before remanding the case. *Id*. at 9:25–13:2.

The Court now rules on both Defendant's motion for sanctions and the motion for summary judgment.

## II. MOTION FOR SANCTIONS

Defendant requests sanctions based on Plaintiff and his counsel "litigating a frivolous Title VI claim that they admit is meritless and which they never intended to plead in the first place." Dkt. No. 76 at 1. It contends that Plaintiff "recklessly and frivolously failed to dismiss his meritless Title VI claim, seek remand, or otherwise advise the Court and Clark that he has abandoned the only claim upon which federal jurisdiction rests." *Id*. at 2. Defendant seeks sanctions under 28 U.S.C. § 1927 or the Court's inherent powers.[2] *Id*.

---

[1] With the exception of the exhibits discussed in Section IV below, all lettered exhibits referenced are attached to the Declaration of Lynn C. Hermle in Support of Defendant's Motion for Sanctions ("Hermle Decl."), Dkt. No. 76-1.

[2] Defendant is correct that Rule 11 is not the appropriate mechanism under which to seek sanctions, as Rule 11(c)(2) requires a 21-day cure period prior to filing a motion for sanctions. *See* Dkt. No. 76 at 2 n.1; Fed. R. Civ. P. 11(c)(2). Despite Plaintiff's objections, the Court finds that seeking sanctions under § 1927 or the Court's inherent power is appropriate here. *See* Dkt. No. 77 at 5.

## A. Section 1927 and the Court's Inherent Powers

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Sanctions are appropriate under § 1927 only on a showing "of the attorney's recklessness or bad faith." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); *see also Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015) (section 1927 requires proving that "the opposing party acted with 'subjective bad faith'" (citation and quotations omitted)). For purposes of § 1927, bad faith is present "when an attorney knowingly or recklessly raises a frivolous argument ... or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas*, 792 F.2d at 860 (citations omitted).

Under the court's inherent power, federal courts may impose sanctions only when there is a "specific finding of bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). While recklessness is sufficient for § 1927, "mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Sanctions are available for a "variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Id.* at 992 (citation and quotations omitted).

## B. Sanctions Are Not Warranted

The Court finds that sanctions are not warranted under § 1927 or the Court's inherent powers. The Court finds nothing in the record proving that Plaintiff's counsel acted in bad faith, or knowingly or recklessly raised a frivolous claim. While counsel may have been negligent in

3

failing to discover that the Title VI retaliation claim should have been pled as a Title VII claim, ignorance or negligence is not a basis for sanctions under either § 1927 or the Court's inherent powers. *See Fink*, 239 F.3d at 993. Defendant fails to proffer any proof that counsel was aware of this error until Defendant's motion for summary judgment. Further, there is nothing in the record to suggest that Plaintiff's counsel continued to litigate a retaliation claim based on a vexatious or dishonest motive.

Plaintiff's counsel represented that the pleading error was not brought to counsel's attention "until counsel reviewed Defendant's Motion for Summary Judgment and arguments related to 'federal funding assistance.'" Dkt. No. 77-2, Declaration of Ann M. Kariuki ("Kariuki Decl.") ¶ 9. Once counsel became aware of the error, counsel evaluated claims under both Title VI "as well as the intended statute under Title VII" and concluded that Plaintiff's claim did not create a genuine dispute on summary judgment as to either cause of action. *Id.* As a result, counsel did not address the Title VI or retaliation claims in the opposition to Defendant's summary judgment motion.[3] Dkt. No. 77-1, Declaration of Lateef H. Gay ("Gray Decl.") ¶ 8; *see generally* Dkt. No. 72 (Plaintiff's opposition, which did not address Title VI or FEHA retaliation). In the absence of any evidence indicating a vexatious motive, the fact that Plaintiff's retaliation claim was not borne out after discovery is not sanctionable conduct.

In addition, Plaintiff counsel's conduct does not rise to the level of the sanctionable conduct in Defendant's cited cases. *See* Dkt. No. 76 at 6–7 (citing cases). For example, in *Pascual*, the court found that counsel knew his argument was frivolous when he filed the amended complaint. *Pascual v. Wells Fargo Bank, N.A.*, No. 4:13-CV-02005-KAW, 2014 WL 582264 (N.D. Cal. Feb. 13, 2014), at *8. In making this determination, the court found significant that counsel misrepresented the record to the court when he claimed that courts in the Northern District had ruled in his favor on the same argument, when a review of counsel's own sixteen cases (all

---

[3] There is nothing in the record suggesting that Plaintiff knew about the Title VI error before then. For example, while Defendant asserts that it "took written discovery regarding Plaintiff's Title VI claim," Dkt. No. 76 at 3, the discovery requests did not specifically mention a Title VI claim, but instead requested discovery on retaliation in general and "any of the allegations in the COMPLAINT." *See* Dkt. No. 76-2, Ex. A at 17–18, 22–24, 28–29 (Plaintiff's responses to Defendant's RFPs Nos. 23, 24, 31, 34, 41, 44); *see also* Kariuki Decl. ¶ 6.

1  filed against the same party) demonstrated the contrary. *Id*. The court therefore found that

2  counsel's actions in filing the amended complaint were unreasonable and "vexatiously multiplied

3  the proceedings." *Id*. And in *Cotterill*, the court awarded sanctions because counsel frequently

4  failed to comply with standing orders and rulings, made numerous misstatements of law and fact,

5  and failed to "seriously consider[ ] dismissing the case" once it became clear after key depositions

6  that the plaintiff's claims lacked merit. *Cotterill v. City & Cty. of San Francisco*, No. C 08-2295

7  JSW JL, 2010 WL 1223146, at *8 (N.D. Cal. Mar. 10, 2010), *report and recommendation*

8  *adopted*, No. C 08-02295 JSW, 2010 WL 1910528 (N.D. Cal. May 11, 2010), *aff'd in part,*

9  *remanded in part sub nom. Haynes v. City & Cty. of San Francisco*, 474 F. App'x 689 (9th Cir.

10  2012). Here, there is no evidence that counsel knew they alleged a Title VI claim in error or that

11  the Title VI and retaliation claims would not survive summary judgment until Defendant filed its

12  motion. And once Plaintiff's counsel became aware of this mistake and determined that the

13  retaliation claims could not proceed past summary judgment, counsel did not continue litigating

14  the claims. Gray Decl. ¶ 8; Kariuki Decl. ¶ 9.

15  The totality of the record does not justify the imposition of sanctions in this case.

16  Accordingly, no sanctions are warranted for Plaintiff's failure to dismiss the Title VI claim, and

17  the Court **DENIES** Defendant's motion for sanctions.

**III.    MOTION FOR SUMMARY JUDGMENT**

**A. Summary Judgment on Plaintiff's Federal Claim (Title VI)**

20  Title VI prohibits discrimination under any "program or activity receiving Federal

21  financial assistance." 42 U.S.C. § 2000d. To bring a claim under Title VI, the primary objective

22  of the federal financial assistance must be to provide employment. *Temengil v. Trust Territory of*

23  *Pacific Islands*, 881 F.2d 647, 653 (9th Cir. 1989) (citing 42 U.S.C. § 2000d-3). Here, Defendant

24  provided evidence that Clark "does not receive, and has never received, federal funding to provide

25  employment to any of its employees or to its subcontractors or their employees." Dkt. No. 60-3,

26  Declaration of Jamie Gilman ("Gilman Decl.") ¶ 20.[4] Plaintiff's opposition does not respond to

---

[4] Jamie Gilman is the Vice President of Clark Construction Group–California, LP, which is a wholly owned subsidiary of Clark Construction Group, LLC. Gilman Decl. ¶ 1. Clark

5

1  Defendant's Title VI argument, and at the hearing on November 27, 2019, Plaintiff's counsel
2  confirmed that Plaintiff does not contest dismissal of the Title VI claim. Dkt. No. 76-3, Ex. B at
3  2:21–3:3.

Accordingly, the Court **GRANTS** summary judgment on Plaintiff's Title VI claim, his only federal cause of action.

### B. The Court Declines To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Defendant's basis for removal was that the Court has federal question jurisdiction over Plaintiff's Title VI claim. Dkt. No. 1 at ¶¶ 3–7. Having granted summary judgment on Plaintiff's only federal claim, the remaining claims in this lawsuit are all state law claims.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). The Ninth Circuit has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*; *see also Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim."). The Ninth Circuit has made clear that the "district court is in the best position to judge the extent of resources invested in a case," and thus "the district court's discretion ought not to be lightly disturbed." *Schneider v. TRW, Inc.*, 938 F.2d 986, 993–94 (9th Cir. 1991); *see also id.* at 994 ("The district court, of course, has the discretion to determine whether *its* investment of judicial energy justifies retention of jurisdiction, or if *it* should more properly dismiss the claims without prejudice." (citation and quotations omitted)).

//

---

Construction Group, LLC is the parent company of Defendant Clark Construction Group–California, Inc. *Id.*

Having considered the relevant factors, the Court in its discretion declines to assert supplemental jurisdiction over the remaining state law claims. The Court has not adjudicated the merits of any state law claims (or any substantive issues period), nor have the state claims been "illuminated in the oral arguments" before the Court. *See Wren*, 654 F.2d at 536. Judicial economy and comity are not served by retention of the state law claims. The remaining claims are therefore **REMANDED** to the Superior Court for San Francisco County.

## IV. ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

The parties each filed an administrative motion to file documents under seal in connection with their briefing on Defendant's motion for summary judgment. Dkt. Nos. 59, 71. The Court rules on the motions as described below.

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**B. Discussion**

Defendant seeks to file under seal seven exhibits attached to its motion for summary judgment, Exhibits M, N, O, P, R, W, and X to the Declaration of Jessica R. Perry. Dkt. No. 59. The exhibits contain excerpts of Plaintiff's medical and mental health records and testimony concerning his mental health treatment. Dkt. No. 59-1 at ¶¶ 6–7. Plaintiff seeks to file under seal seven exhibits attached to his opposition to Defendant's motion for summary judgment, Exhibits 1, 3, 7, 9, 10, 11, and 12 to the Declaration of Ann M. Kariuki. Dkt. No. 71. Those exhibits, with the exception of Exhibit 7, also contain excerpts of Plaintiff's medical and mental health records and testimony concerning the same. Dkt. No. 71-1 at ¶¶ 2–3. Because the parties move to file exhibits attached to a dispositive motion, the Court will apply the compelling reason standard.

//

//

The parties' proffered basis for sealing the documents is that certain redacted portions of the exhibits reveal information about Plaintiff's medical and mental health records.[5] Dkt. Nos. 59, 71. The Court finds that protecting Plaintiff's privacy interest in his confidential medical information outweighs the public's interest in access to this information. *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019); *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015). The Court therefore **GRANTS** Defendant's motion to seal Exhibits M, N, O, P, R, W, and X, and Plaintiff's motion to seal Exhibits 1, 3, 9, 10, 11, and 12.

The Court **DENIES** Plaintiff's request to seal Exhibit 7.[6] Plaintiff has not proffered any justification as to why Exhibit 7 should be sealed in its entirety. Further, Exhibit 7 does not contain information about Plaintiff's medical and mental health. Sealing Exhibit 7 in its entirety is substantially overbroad and not "narrowly tailored," as required by Civil Local Rule 79-5.

## V. CONCLUSION

The Court **DENIES** Defendant's motion for sanctions, Dkt. No. 76; **GRANTS** Defendant's motion for summary judgment with respect to Plaintiff's Title VI claim, Dkt. No. 60; and **ORDERS** the remaining claims **REMANDED** to the California Superior Court for San Francisco County.

The Court further **GRANTS** Defendant's administrative motion to file under seal, Dkt. No. 59, and **GRANTS IN PART AND DENIES IN PART** Plaintiff's administrative motion to file under seal, Dkt. No. 71.

The Court **DIRECTS** Plaintiff to file a public version of Exhibit 7, Dkt. No. 72-10, within seven (7) days of this order. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

---

[5] At the time of Defendant's filing of its administrative motion to file under seal, Plaintiff had not agreed to a stipulated protective order and did not designate the exhibits as "Confidential." Dkt. No. 59-1 at ¶¶ 2–5. The parties subsequently agreed on a protective order, Dkt. No. 61, and Plaintiff designated those exhibits as confidential after the fact in his Rule 79-5 declaration. Dkt. No. 62.

[6] Plaintiff's motion makes no mention of sealing Exhibit 7, but Plaintiff has filed a completely redacted version of Exhibit 7, *see* Dkt. No. 72-10, Ex. 7, and included the sealed version attached to his administrative motion, *see* Dkt. No. 71-7, Ex. 7 (sealed).

The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 1/13/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge